UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

DAVE ANDRAE TAYLOR, a/k/a Indian,
a/k/a Nicholas, a/k/a Spike,
           *Defendant-Appellant.*

No. 00-4311

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-99-145)

Submitted: November 7, 2000

Decided: November 30, 2000

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**COUNSEL**

Janipher W. Robinson, Richmond, Virginia, for Appellant. Robert E. Trono, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Dave Andrae Taylor appeals from the convictions and sentences entered upon his plea of guilty to conspiracy to distribute more than fifty grams of cocaine base and a related firearms charge. The Government moves to dismiss the appeal, based on Taylor's waiver of appellate rights. We dismiss in part and affirm in part.

Taylor's first claim is that the district court erred in denying his motion to withdraw his plea, which alleged that his plea was involuntary because his attorneys misled him about its consequences. Because Taylor's appellate waiver only applied to sentencing claims, and because his motion to withdraw was filed before sentencing, we deny the Government's motion to dismiss as to this claim.* In any event, however, the materials already before the Court demonstrate that this claim is meritless. Taylor's former attorneys testified that they explained the United States Sentencing Guidelines to Taylor in general terms and advised him that it was not possible to predict what his sentence would be. The district court credited this testimony and expressly rejected Taylor's contrary allegations. In light of these findings, the court did not abuse it discretion in denying leave to withdraw the guilty plea. *See United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995).

In his second claim, Taylor asserts his sentence is invalid under *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). Taylor only challenges the process by which the court determined his sentence; he

---

*The Government's motion is based in part on Taylor's notice of appeal, which specified that he was appealing the district court's sentencing order. By raising a non-sentencing issue in his opening brief, however, Taylor adequately brought that issue before the Court. *See Canady v. Crestar Mortgage Corp.*, 109 F.3d 969, 974-75 (4th Cir. 1997).

does not attack the voluntariness of his plea or the district court's jurisdiction to impose the sentence that Taylor received. This claim is barred by Taylor's appellate waiver. Accordingly, as to this claim, we grant the Government's motion to dismiss.

For the foregoing reasons, we deny the Government's motion in part, grant the motion in part, and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*